UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ELAINE ST. CLAIR,** | **2:24-CV-12625-TGB-CI** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 12)** |
| **FOX RUN VILLAGE, INC.,** | |
| Defendant. | |

Plaintiff Elaine St. Clair brings this lawsuit claiming that her former employer, Defendant Fox Run Village, Inc., wrongfully fired her based on discrimination and in retaliation for her complaints in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Defendant Fox Run Village, Inc. has moved to dismiss St. Clair's Amended Complaint. The motion has been fully briefed. Upon review of the parties' filings, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, Fox Run's motion to dismiss will be **DENIED**.

## I.     BACKGROUND

### A. St. Clair's Employment with Fox Run

Plaintiff Elaine St. Clair, an African-American woman, was employed as a line cook by Defendant Fox Run Village, Inc. ("Fox Run"),

a provider of nursing homes and skilled nursing care facilities, at its location in Novi, Michigan. Am. Compl., ECF No. 10, ¶¶ 1–2, 5.[1]

During her employment with Fox Run, after she complained to Fox Run's management and human resources ("HR") department about unlawful discrimination and harassment by white co-workers, St. Clair alleges that she was treated differently than her white co-workers. *Id.* ¶ 20. She filed a complaint with Fox Run's HR department after she was locked in a refrigerator cooler by a white male co-worker named Daniel Perone who followed her around yelling that he was a "'[T]rump supporter.'" *Id.* ¶ 21. St. Clair also complained that she had been locked out of her workstation in the kitchen, and that she had also been locked in the bathroom by Perone. *Id.* ¶ 22. St. Clair also alleges that additional conditions and requirements were imposed on her, she was constantly monitored and constantly yelled at by managers and falsely blamed for running out of food, but her requests for assistance were ignored by Fox Run management. *Id.* ¶¶ 23–24. Nevertheless, despite St. Clair's complaints, little or no disciplinary action was taken against her white co-workers. *Id.* ¶ 25.

St. Clair reported to her white manager, Mick Bootz, that Perone and Lori, a white female coworker who called all of the African-American

---

[1] Because this case is before the Court on a motion to dismiss, the following facts are taken from Plaintiff's Amended Complaint, ECF No. 10, and accepted as true. *Hill v. Blue Cross & Blue Shield of Mich.,* 409 F.3d 710, 716 (6th Cir. 2005).

male employees "her boys" and who had been reassigned to the kitchen after threatening an African American supervisor in the store unit, were harassing her and making false reports to Fox Run about her. *Id.* ¶ 26. St. Clair filed three reports with the Fox Run HR department and also spoke with Rachel in HR about her treatment and Perone's actions, but these complaints only caused St. Clair to be subjected to further discriminatory and retaliatory treatment. *Id.* ¶¶ 27–28. For example, a white co-worker falsely reported to Fox Run management that St. Clair came to work with COVID, and she was forced to leave work. *Id.* ¶ 29. And her manager Bootz stated that St. Clair was "trouble" after she had filed a complaint with the HR department on or about January 18, 2021. *Id.* ¶ 30.

St. Clair was suspended on January 26, 2021, and then terminated on February 9, 2021 for allegedly "picking up a piece of salmon off the floor in the kitchen." *Id.* ¶¶ 32–33. St. Clair denies picking up any food off the floor and asserts that this false allegation is a subterfuge for wrongful and retaliatory termination based on her complaints to HR and management. *Id.* ¶ 34.

### B. St. Clair's February 1, 2021 Charge of Discrimination: MDCR Charge No. 615464, EEOC Charge No. 23A-2021-00288C

On February 1, 2021, before she was terminated, St. Clair filed a Charge of Discrimination with the Michigan Department of Civil Rights

("MDCR"). ECF No. 12-3. In that Charge, St. Clair alleges that she is "a 60 year-old African American" who was "subjected to a hostile work environment most recently on January 18, 2021, due to [her] age, race, and in retaliation for engaging in a protected activity[,] most recently on January 18, 2021." *Id.* PageID.205. She states:

> I was hired by [Fox Run] on April 22, 2020, and currently work as a Line Cook at 41000 W. 13 Mile Road in Livonia, Michigan.
>
> **Hostile Environment 1/18/2021 Age, Race, Retaliation, Retaliation**
>
> Since June 2020, until most recently on January 18, 2021, I was harassed by some co-workers and management. I was locked in the refrigerator, locked out of the kitchen, as well as followed around and monitored constantly. I complained about their inappropriate behavior most recently on January 18, 2021; however, no remedial solution was reached. I believe my age, race, and participation in protected activity were factors in the hostile work environment I was subjected to by [Fox Run].

*Id.*

This Charge was not served on Fox Run until March 8, 2021, approximately one month after St. Clair was terminated. *Id.* PageID.202.

This Charge was dismissed by the MDCR in a Notice dated September 28, 2021, stating:

> The investigation of this complaint included a review of all information obtained during the investigation. Based upon all the evidence in the file, e.g., any applicable statements of

witnesses, analysis of comparatives and review of documents, the department determined that there is insufficient evidence to proceed.

It is therefore ordered that this complaint is dismissed.

ECF No. 12-5, PageID.213.

On January 4, 2022, the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice or Rights to St. Clair with respect to this Charge, adopting the findings of the MDCR and providing St. Clair a Notice of Right to Sue. ECF No. 12-6, PageID.216. This Notice advised St. Clair that any lawsuit "**must be filed WITHIN 90 DAYS of [her] receipt of this notice**," *id.* (emphases in original), or on or before April 4, 2022.

St. Clair did not file a lawsuit within 90 days of receipt of this notice of right to sue.

### C. March 23, 2021 Charge of Discrimination: MDCR Charge No. 616337, EEOC Charge No. 23A-2021-00418

After her termination on February 9, 2021, St. Clair filed a second Charge of Discrimination dated March 23, 2021. ECF No. 12-4. In that Charge, St. Clair alleges that she "was discharged on February 9, 2021, due to [her] age and race and in retaliation for engaging in protected activity most recently on January 18, 2021." *Id.* PageID.210. She alleged:

**Discharge  2/9/21   Age, Race, Retaliation, Retaliation**

On February 9, 2021, I was discharged for allegedly picking up a piece of salmon off the floor in the kitchen during food

5

prep. I was told I was being discharged for violating company policy. They never explained what company policy I violated. I deny picking up salmon off the floor during food prep.

I previously contacted Human Resources about the actions of managers and was suspended on January 26, 2021.

I believe I was discharged because of my race, age and in retaliation for engaging in a protected activity.

*Id.* This Charge was not served on Fox Run until over one year later, on May 11, 2022. *Id.* PageID.207–09.

On February 23, 2024, the MDCR issued a Notice of Disposition and Order of Dismissal of St. Clair's charge, stating:

The investigation of this complaint included a review of all information obtained during the investigation. Based upon all the evidence in the file, e.g., any applicable statements of witnesses, analysis of comparatives and review of documents, the department determined that there is insufficient evidence to proceed.

It is therefore ordered that this complaint is dismissed.

ECF No. 12-7, PageID.217.

Then, over two years later, on July 25, 2024, the EEOC issued a Determination and Notice of Rights to St. Clair for this Charge of Discrimination. ECF No. 13-1, PageID.299. The Notice stated:

The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean that the claims have no merit. This determination does not certify that the  respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other

issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

*Id.* The Notice warned that any lawsuit "**must be filed WITHIN 90 DAYS of your receipt of this notice**." *Id.* (emphasis in original). Accordingly, any lawsuit was required to be filed on or before October 23, 2024.

### D. St. Clair Files This Lawsuit

On October 4, 2024, St. Clair filed the instant lawsuit against Fox Run. ECF No. 1. She alleged claims for race and gender discrimination and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*

Defendant Fox Run filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 4. Fox Run argued that St. Clair's gender/sex harassment or discrimination claim is barred for failure to exhaust, and her complaint is not timely with respect to any conduct before February 1, 2021, the date on which she filed her first Charge of Discrimination. Fox Run further argued that St. Clair's Title VII and ADEA claims are barred by laches because they were not filed until 44 months after her termination. And finally, Fox Run argues that St. Clair's complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The Court issued an Order that St. Clair could either file an amended complaint, in which case the motion to dismiss would be denied as moot, or she could file a response to Defendant's motion. ECF No. 5

On January 3, 2025, St. Clair filed her Amended Complaint. ECF No. 10. In that Amended Complaint, St. Clair asserts a single claim for "retaliatory discharge and wrongful termination [under Title VII] after she filed complaints with Defendant HR Department against her managers for refusing to take action against her co-workers, as well as with the Michigan Department of Civil Rights and the U.S. Equal Employment Opportunity Commission." *Id.*

Fox Run now moves to dismiss Plaintiff's Amended Complaint. ECF No. 12. Fox Run argues that St. Clair failed to exhaust any claim that she was terminated for filing a charge of discrimination and that her complaint is not timely as to any protected activity occurring prior to February 1, 2021, the date of her first Charge of Discrimination. Fox Run also argues that St. Clair's Title VII retaliatory discharge claim is barred by laches, and that her Amended Complaint otherwise fails to state a claim.

St. Clair filed a response in opposition to Fox Run's motion, arguing that she timely filed her charge of discrimination within 300 days of her termination, her Complaint was timely filed within 90 days of the receipt of her right to sue letter from the EEOC, and her claims are not barred by laches. ECF No. 13.

Fox Run filed a reply brief in support of its motion. ECF No. 14.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Id.* at 539 (internal citations and quotation marks omitted); *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56; *see also Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) ("To survive a motion to

9

dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is the defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

In ruling on a motion to dismiss, the Court may consider the complaint as well as: (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3) documents that are a matter of public record; and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829–30 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings.... [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."). "EEOC charges and related

documents, including right to sue letters, are public records of which the Court may take judicial notice in ruling on a motion to dismiss without having to convert the motion into one for summary judgment." *Brown v. RCO Eng'g Inc.*, No. 23-11371, 2024 WL 1019258, at *2 (E.D. Mich. Mar. 8, 2024) (Edmunds, J.) (quoting *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862–63 (N.D. Ohio 2013)).

## III.   DISCUSSION

### A. St. Clair's Claim That She Was Discharged in Retaliation for Filing a Charge of Discrimination

Fox Run first argues that St. Clair failed to exhaust her administrative remedies as to any claim that she was discharged in retaliation for filing a charge of discrimination. Fox Run asserts that St. Clair's March 23, 2021 EEOC charge failed to assert that she was discharged in retaliation for filing a charge of discrimination with the MDCR and EEOC. It argues that any purported claim for retaliatory discharge for filing a Charge of Discrimination therefore must be dismissed.

But this argument engages in a selective reading of St. Clair's Amended Complaint. She alleges that her "complaint is for retaliatory discharge and wrongful termination *after she filed complaints with Defendant HR Department against her managers for refusing to take action against her co-workers*, as well as with the Michigan Department of Civil Rights and the U.S. Equal Employment Opportunity

Commission." Am. Compl., ECF No. 10, ¶ 19 (emphasis added). She further alleges that she "had been treated differently than white co-workers after she complained to Defendant Fox Run's management and human resources about unlawful discrimination and harassment by white co-workers." *Id.*¶ 20. She alleges that after she filed multiple complaints with Fox Run's HR department, she was subjected to further discriminatory and retaliatory treatment and then first suspended and then terminated. *Id.*¶¶ 21–33. And in her March 23, 2021 Charge of Discrimination, she charges that she was discharged in retaliation for engaging in "protected activity most recently on January 18, 2021." ECF No. 12-4, PageID.210. She asserts that she had previously contacted Human Resources with her complaints and was suspended on January 26, 2021, and terminated on February 9, 2021. *Id.*

St. Clair's alleged complaints to her management and to HR about discriminatory treatment at work constitutes "protected activity" within the meaning of Title VII. The opposition clause of Title VII makes it "unlawful ... for an employer to discriminate against any of his employees ... because he has opposed any practice made ... unlawful ... by this [title.]" 42 U.S.C. § 2000e-3(a). Courts recognize that "opposing *any* practice that the employee reasonably believes to be a violation of Title VII" constitutes protected activity. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000) (emphasis added). Examples of opposition activity protected under Title VII include "complaining to anyone (management, unions,

other employees, or newspapers) about allegedly unlawful practices; [and] refusing to obey an order because the worker thinks it is unlawful under Title VII." *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 721 (6th Cir. 2008) (quoting *Johnson*, 215 F.3d at 579); *see also Jackson v. Genesee Cnty. Road Comm'n*, 999 F.3d 333, 344–45 (6th Cir. 2021) (a complaint to management about discriminatory employment practices can constitute protected activity). "[T]he only qualification that is placed upon an employee's invocation of protection from retaliation under Title VII's opposition clause is that the manner of his opposition must be reasonable." *Johnson*, 215 F.3d at 580.

Accordingly, St. Clair's multiple complaints of discrimination and retaliatory treatment to Fox Run's management and HR Department clearly fall within the definition of protected activity within the meaning of Title VII, regardless of any complaints to the MDCR or the EEOC. While St. Clair did file a Charge of Discrimination with the MDCR on February 1, 2021, prior to her termination on February 9, 2021, Fox Run asserts that it did not formally receive that charge until March 8, 2021 at the earliest, almost one month after St. Clair's termination. ECF No. 12-3, PageID.202. To the extent Fox Run did not know about St. Clair's first Charge of Discrimination until after her termination, St. Clair's claim for retaliatory discharge cannot be based on that first Charge because "the 'decision-maker's knowledge of the protected activity is an *essential element* of the prima facie case of unlawful retaliation.'" *Frazier*

13

*v. USF Holland, Inc.*, 250 F. App'x 142, 148 (6th Cir. 2007) (emphasis added). In any event, St. Clair sufficiently alleges in her second Charge of Discrimination, dated March 23, 2021, that Fox Run had knowledge of her multiple complaints to management and HR, and her retaliatory discharge claim is not barred for failure to exhaust administrative remedies.

### B. Whether St. Clair's Complaint was Timely Filed

Fox Run next argues that St. Clair's Complaint was not timely filed as to any claim based on protected activity which she claims to have engaged in prior to February 1, 2021 because she had filed a prior charge of discrimination on that date, the MDCR dismissed that charge on September 29, 2021, and the EEOC issued a notice of right to sue on that charge on January 4, 2022, yet St. Clair did not file her complaint in this case until October 4, 2024.

This argument fails, however, because in her Amended Complaint St. Clair does not assert a hostile work environment claim based on her race, sex, or alleged retaliation, as she did in her first Charge of Discrimination. St. Clair's *only* claim in her Amended Complaint is for *retaliatory discharge* in violation of Title VII arising from her February 9, 2021 termination by Fox Run. ECF No. 13. St Clair timely  filed a Charge of Discrimination with the MDCR (Charge No. 616337) and the EEOC (Charge No. 23A-2021-00418C) alleging retaliatory discharge on March 23, 2021. ECF No. 12-4. In Michigan, St. Clair was required to

bring a charge of discrimination within 300 days of the alleged unlawful employment act. *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019). St. Clair's March 23, 2021 Charge of Discrimination was timely filed well within 300 days of the claimed discriminatory act, her termination.

Fox Run's argument is not entirely clear, but it seems to be arguing that because St. Clair filed a prior charge of discrimination on February 1, 2021, complaining of a hostile work environment due to her race, age, and in retaliation for engaging in protected activity, most recently on January 18, 2021, and she did not timely file a lawsuit after receiving the right to sue letter for that charge on January 4, 2022, she is precluded from relying on any alleged adverse actions or conduct before February 1, 2021 with respect to her claim of retaliatory discharge.

The Court agrees that St. Clair is barred from bringing a pre-termination hostile work environment or retaliation claim against Fox Run because she did not timely file suit after receiving the right to sue letter from the EEOC with respect to her first Charge of Discrimination. But St. Clair is not asserting a claim based on that first Charge of Discrimination in her Amended Complaint. Rather, her *sole* claim is that she was discharged in retaliation for engaging in protected activities, based on her February 9, 2021 termination. This termination occurred *after* St. Clair filed her prior charge of discrimination and thus could not be encompassed in that first charge. And St. Clair may rely on her prior

15

acts of protected activity (her multiple complaints to Fox Run management and HR personnel preceding her termination) to support that retaliatory discharge claim, even if some of those prior acts were also alleged in her prior EEOC charge in support of her pre-termination hostile work environment and retaliation claims. *See Trujillo v. Henniges Auto. Sealing Sys. N. Am.*, 495 F. App'x 651, 655 (6th Cir. 2012) ("We have repeatedly held that complaints to human resources personnel regarding potential violations of Title VII constitute protected activity for purposes of establishing a prima facie case of retaliation.") (collecting cases); *Richmond-Hopes v. City of Cleveland*, 168 F.3d 490 (Table), 1998 WL 808222, at *5–9 (6th Cir. Nov. 16, 1998) (distinguishing between pre-termination and post-termination retaliation claims); *Wierengo v. Akal Sec., Inc.*, No. 08-00199, 2013 WL 12092998, at *7–8 (E.D. Mich. May 31, 2013) (Cleland, J.) (recognizing separate claims for pre-termination retaliation and retaliatory termination), *aff'd*, 580 F. App'x 384 (6th Cir. 2014); *see also National RR. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (finding that the charging requirement of Title VII does not "bar an employee from using the prior acts as background evidence in support of a timely claim."). Fox Run cites no law to the contrary. This is not an instance of the plaintiff deleting or removing allegations in her amended complaint to avoid a motion to dismiss, as Fox Run suggests in its motion. Rather, St. Clair's Amended Complaint conforms to the

retaliatory discharge claim made in her second Charge of Discrimination, thus avoiding the alleged infirmities associated with her first complaint.

## C. St. Clair's Retaliatory Discharge Claim is not Barred by Laches

Fox Run next argues that St. Clair's retaliatory discharge claim is barred by the doctrine of laches because it was brought approximately 44 months after her termination, 33 months after the EEOC dismissed her first Charge of Discrimination, and approximately eight months after her Second Charge of Discrimination was dismissed by the MDCR. However, none of these dates matter with respect to the timeliness of St. Clair's Title VII retaliatory discharge claim asserted in her Amended Complaint.

It is undisputed that St. Clair timely filed this lawsuit within 90 days of her receipt of a right to sue letter from the EEOC. *See* ECF No. 13-1. While the laches defense is available in Title VII actions, *see Cleveland Newspaper Guild, Local I v. Plain Dealer Pub'g Co.*, 839 F.2d 1147, 1153 (6th Cir. 1988), laches is a fact-intensive inquiry and Fox Run does not argue that St. Clair somehow obstructed the EEOC's investigation of her Charge or that she otherwise engaged in any unreasonable behavior such that the EEOC's delay in issuing the right to sue letter could be attributed to her. Accordingly, this lawsuit is timely.

Contrary to Fox Run's contention, St. Clair was not compelled to bring a claim pursuant to Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); whether such a claim would be time-barred or not is therefore

irrelevant. And Fox Run's argument that St. Clair is somehow at fault for not demanding an earlier right to sue letter or failing to compelling the EEOC to act with greater speed fails. The authority Fox Run relies on is readily distinguishable, either because in those cases the claims arise under Title IX rather than Title VII, *Cannon v. Univ. of Health Sciences*, 710 F.2d 351, 360 (7th Cir. 1983), or because the EEOC itself was the plaintiff. *See* ECF No. 12, PageID.185–88 (collecting cases). Fox Run has not cited one case in which the doctrine of laches has been applied against an individual plaintiff like St. Clair based on the fact that the EEOC has delayed issuing a right to sue letter. St. Clair is not responsible for the EEOC's actions, and so the EEOC's delay in issuing the right to sue letter in this case cannot be blamed upon St. Clair. No evidence suggests that St. Clair has "'unduly,' 'inexcusably,' 'unreasonably,' or 'inordinantly' delayed in asserting a claim and that such delay has 'substantially,' 'materially' or 'seriously' prejudiced the defendant's ability to conduct its defense." *Equal Employment Opportunity Comm'n v Massey-Ferguson*, 622 F.3d 271, 275 (7th Cir. 1980).

Accordingly, Fox Run's laches argument fails.

### D. Failure to State a Claim of Retaliatory Discharge Under Title VII

Finally, Fox Run argues that St. Clair's Amended Complaint fails to plead sufficient facts to state a plausible claim of retaliatory discharge

under Title VII. To demonstrate a prima facie case of retaliation under Title VII, an employee must allege "(1) [s]he ... engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (quoting *Niswander*, 529 F.3d at 720); *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). To satisfy the causal connection requirement, a plaintiff must show that "but-for her protected activity, her employment would not have been terminated." *Jackson*, 999 F.3d at 348–49. "At the prima facie stage, this burden 'is not onerous,' and can be met through 'evidence that defendant treated the plaintiff differently from similarly situated employees *or* that the adverse action was taken shortly after the plaintiff's exercise of protected rights.'" *George v. Youngstown State Univ.*, 966 F.3d 446, 460 (6th Cir. 2020) (emphasis added) (quoting *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000)); *Jackson*, 999 F.3d at 349.

Fox Run argues that St. Clair's February 1, 2021 Charge of Discrimination does not qualify as "protected activity" because Fox Run did not have knowledge of the Charge until after St. Clair's termination. However, as discussed *infra*, courts recognize that "opposing *any* practice that the employee reasonably believes to be a violation of Title VII" constitutes protected activity. *Johnson*, 215 F.3d at 579 (emphasis

added); *see also Jackson*, 999 F.3d at 344–45 (a complaint to management about discriminatory employment practices can constitute protected activity). St. Clair alleges that she made multiple complaints of discrimination and retaliation to Fox Run management and HR, and these complaints fall within the ambit of protected activity. *See E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1067 (6th Cir. 2015) (Title VII's "opposition clause" protects "complaints to management and less formal protests of discriminatory employment actions.").

Further, while Fox Run contends that St. Clair has failed to sufficiently allege that others who engaged in the same alleged conduct were not terminated or that anyone with knowledge of St. Clair's protected activity was involved in the decision to terminate her or otherwise plead causation, "[t]he liberal pleading standard applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief." *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012)); *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844, at *3 (6th Cir. Aug. 2, 2022) ("A Title VII plaintiff need not make a prima facie showing to survive a motion to dismiss."). Here, St. Clair alleges that she engaged in protected activity by making complaints to management and HR personnel regarding the alleged discriminatory and retaliatory actions of her co-workers, that Fox Run had knowledge of

these complaints most recently on January 18, 2021, that she was treated differently than white co-workers after she complained, and that she was suspended on January 26, 2021 and then terminated on February 9, 2021. ECF No. 10, ¶¶ 19–33. "Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). Here, Plaintiff alleges the adverse actions happened almost immediately after her protected activity.

Accordingly, viewing the allegations in the light most favorable to St. Clair and accepting her allegations as true, a reasonable factfinder could infer that St. Clair's termination of employment was caused by her decision to make complaints and St. Clair's allegations provide "sufficient factual content" from which this Court, informed by its "judicial experience and common sense, could draw the reasonable inference" that Fox Run retaliated against St. Clair for complaining about her coworker's alleged discriminatory and retaliatory conduct. *See Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678). Because St. Clair's claim of retaliatory discharge under Title VII is plausible based upon her allegations, Fox Run's motion to dismiss for failure to state a claim must be **DENIED**.

## IV.   CONCLUSION

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 12, is **DENIED**.

The Court ORDERS Defendant to file an answer within 14 days of this Order. Fed. R. Civ. P. 12(a)(4).

**IT IS SO ORDERED.**

Dated: August 27, 2025         /s/Terrence G. Berg
                               HON. TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE